UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

THE CENTER FOR DISCOVERY, INC.,

        Plaintiff

-against-                                                   COMPLAINT

                                                                    DOCKET NO. 21-6825

J.S., his parents R.S. and A.S., and the

BYRAM HILLS CENTRAL SCHOOL DISTRICT,

        Defendants

-----------------------------------------------------------------X

## INTRODUCTION

1. Plaintiff The Center for Discovery, Inc. (hereinafter "CFD"), operates a residential school approved by the New York State Education Department which serves children with severe developmental disabilities in Harris, Sullivan County, New York. J.S., a 16-year-old with severe mental disabilities, resides at CFD and attends its educational program. J.S. has injured CFD staff members and is dangerous both to members of the CFD community and himself. Consequently, pursuant to 20 U.S.C. §1415(i)(2)(B)(iii) and Honig v. Doe, 484 U.S. 305 (1988), plaintiff brings this action seeking an order removing J.S. from CFD.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action, brought pursuant to 20 U.S.C. §1415(i)(2)(B)(iii), through 20 U.S.C. §1415(i)(3)(A).

3. As defendant J.S. resides in Sullivan County, defendants R.S. and A.S. reside in Westchester County, and a substantial part of the events giving rise to the claims in

this action occurred in Sullivan County, venue in this District is proper pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff CFD operates a residential school for children with severe intellectual and developmental disabilities located in Harris, Sullivan County, New York.

5. Defendant J.S. is a resident of CFD.

6. Defendants R.S. and A.S. are the parents and guardians of J.S. They reside in the jurisdiction of the Byram Hills Central School District in Westchester County, New York.

7. Defendant Byram Hills Central School District is a local educational authority responsible under State and Federal law to develop and implement a free and appropriate educational program for J.S. That authority is located in Westchester County, New York.

## FACTS

8. J.S. is a 16-year old male who is a resident of CFD. He is diagnosed with Anxiety and Autism Spectrum Disorder (ASD).

9. J.S. was placed in CFD by the Byram Hills Central School District pursuant to the procedures of the Individuals With Disabilities Act ("IDEA")

10. This action was precipitated by a considerable number of aggressive behavioral incidents in which J.S. has struck staff members, causing them physical injury.

11. Those incidents include the following:

    a. On March 8, 2021, J.S. hit, grabbed, and twisted the wrist of employee Briette Mann, causing soreness in her right wrist from twisting.

b. On April 21, 2021, J.S. slapped Ms. Mann's hand, leaving a handprint on her skin with burning redness.

c. On May 10, 2021, J.S. pulled Ms. Mann's hand back and hit her on the top of her head with force.

d. On June 23, 2021, J.S. jammed the thumb of employee Archer Okeitto.

e. On June 29, 2021, J.S. became aggressive with employee Lewis Aisha, causing him right shoulder pain and an inability to lift his arm.

f. On October 26, 2021, J.S. bit the left forearm of Ms. Mann.

12. On many other occasions, J.S. has struck staff members, although not causing injury.

13. Most recently, on December 4, 2021, J.S. struck staff members who were trying to assist him with his personal hygiene.

14. In sum, J.S. has displayed dangerous behaviors on a frequent basis and is a danger to staff members and himself.

15. CFD has attempted many strategies to alleviate J.S.'s behaviors, but none of those strategies have worked to prevent J.S. from striking out at employees as well as allowing him to benefit from the educational programs provided by CFD.

16. While CFD would propose administering psychotropic medication to J.S., J.S.'s parents R.S. and A.S. have opposed that medication.

17. The staff at CFD believe that J.S. is psychotic, manic, and depressed and a danger to himself or others.

18. J.S.'s current placement at CFD is not meeting his needs and cannot provide the level of support or safety to address his severed, frequent, intense and dangerous behaviors.

19. J.S. requires a residential education program with a 24/7 crisis team that can manage his aggressive behaviors.

20. CFD is not a party with standing to seek an impartial hearing to require the placement of J.S. in any other school.

21. As J.S. is inappropriate for his present placement, is truly a dangerous child, and presents a danger to staff and peers, he should be removed from CFD.

22. J.S. could be served with home schooling until another more appropriate placement is found for him.

23. If J.S. were to remain at CFD, he would likely continue to injure staff members and peers at the school, not to mention himself.

24. Under <u>Honig v. Doe,</u> 484 U.S. 305, 325-26 (1988), school officials such as CFD can seek from this Court the removal of a truly dangerous child from its school.

25. As J.S. is inappropriate for his present educational placement and is truly a dangerous child, CFD seeks to invoke the aid of the Courts pursuant to 20 U.S.C. §1415(i)(2)(iii) (formerly 20 U.S.C. Section 1415(e)(2)).

## **COUNT I-IDEA**

26. CFD repeats and realleges the allegations contained in paragraphs "1" through "25" of this complaint.

27. Because of his violent behavior towards staff and to himself, J.S. is presently inappropriate for his placement at CFD and an emergency alternative placement is necessary.

28. Because of his more aggressive and violent behavior towards the staff and himself, CFD can no longer provide an appropriate educational program as required by J.S.'s most recent Individualized Educational Plan.

29. Consequently, pursuant to <u>Honig v. Doe</u>, 484 U.S. 305 (1988) and the IDEA, this Court should direct that J.S. be removed from CFD.

WHEREFORE, it is respectfully requested that this Court:

a) Direct that J.S. be preliminarily and permanently removed from CFD,

b) Award attorneys' fees to CFD.

c) Grant such other relief as the court determines to be appropriate.

Dated: Garden City, New York
December 9, 2021

MORITT HOCK & HAMROFF LLP
Attorneys for Plaintiff
By: _____
ROBERT L. SCHONFELD
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000